# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEROME BIRDSONG, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 13-2090-JAR ) |
| UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS, CITY, KANSAS, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Reconsideration (Doc. 35), asking the Court to revisit its decision on July 10, 2013, denying Plaintiffs' Fifth Motion for Extension of Time to respond to Defendants' motions to dismiss (Doc. 34). The Court denied Plaintiffs' motion for extension of time in a brief text entry order because it was filed after the deadline to respond to the motions to dismiss had already expired.[1] Plaintiffs filed another brief in support of their motion to reconsider on July 29, 2013 (Doc. 36), asking until August 26, 2013 to respond to the motions to dismiss. Defendants have not responded to the motion.

Under D. Kan. Rule 6.1(a), "parties must file the motion before the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires." Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.[2] The

---

[1] The order granting Plaintiff's fourth motion for extension of time set a response deadline of July 1, 2013. Plaintiff's fifth motion for extension of time was filed on July 9.

[2] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391–92 (1993).

determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[3] Perhaps the single most important factor in determining whether neglect is excusable is fault in the delay.[4] Whether the moving party's underlying claim is meritorious should also be taken into consideration.[5] Further, "[a] court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake."[6] "'[A] mistake . . . could occur in any [attorney's] office, no matter how well run.'"[7]

As an initial matter, the Court notes that Defendants have not responded to the motion for reconsideration. Under D. Kan. Rule 7.4, "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Moreover, the Court reluctantly finds that Plaintiffs have made a sufficient showing to file a response to the motions to dismiss out of time. In their motions, Plaintiffs outline that they have

---

[3]*Id.* at 395; *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206-07 (10th Cir. 2004).

[4]*Jennings v. Rivers*, 394 F.3d 850, 856 n.5 (10th Cir. 2005) (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

[5]*Id.* at 857 (citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983)).

[6]*Id.* (citing *Hancock v. Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[7]*Id.* (quoting *Hancock*, 857 F.2d at 1396).

2

obtained new evidence since the time that the motions to dismiss were filed and that they intend to seek leave to file an amended complaint. The court further notes that there has not yet been a scheduling conference or discovery, so the risk of prejudice to Defendants is low if the court allows the response time to be extended out of time.

While the Court finds a low risk of prejudice to Defendants in granting the instant motion, it must emphasize that Plaintiffs' repeated delays in responding to the motions to dismiss in this case are threatening the efficient management of this proceeding. The motions to dismiss were filed in March, almost five months ago. The delay is holding up formal discovery and a scheduling conference, prolonging the life of the case. Plaintiffs most recently ask for an extension until August 26, 2013. The Court will grant this final request for an extension of time; no further requests will be granted. After obtaining this final extension of time from the Court, Plaintiffs will have had ample time to respond to the motions to dismiss and/or amend their pleading to survive the motions to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Reconsideration (Doc. 35) is **granted**. **Plaintiffs shall respond to the motions to dismiss no later than August 26, 2013. The Court will not favorably entertain any further requests for extension of this deadline.**

Dated: August 2, 2013

                 S/ Julie A. Robinson
                 JULIE A. ROBINSON
                 UNITED STATES DISTRICT JUDGE