## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JEROME BIRDSONG,** *et al.,* ) | |
| ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case. No. 13-CV-2090** |
| ) | |
| **UNIFIED GOVERNMENT OF KANSAS** ) | |
| **CITY, KANSAS,** *et al.,* ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

### DEFENDANT JEROME GORMAN'S RESPONSE IN
### OPPOSITION TO PLAINTIFFS' MOTION TO FILE OUT OF TIME (DOC. 82)

Plaintiffs Jerome Birdsong and Rocio Dominguez have moved to file out of time their Response to Defendant Jerome Gorman's Motion to Dismiss (Docs. 74-75.)   Plaintiffs' Response was due Thursday, May 15.  Plaintiffs moved to file out of time (Doc. 82) on Monday, May 19.  Defendant Gorman opposes Plaintiffs' Motion because there is no excusable neglect by Plaintiffs, in large part because this request for an extension violates at least the spirit of an agreement between Plaintiffs' counsel and Gorman's counsel.

Gorman moved to dismiss on March 25, 2014 (Docs. 74-75).  On April 8, 2014, Plaintiffs filed an unopposed motion for a thirty day extension (Doc. 78) to file their Response.  The Court granted the extension, making the Response due May 8, 2014 (Doc. 79).  On May 7, 2014, Plaintiffs' counsel again contacted all counsel for defense, inquiring if there was opposition to an additional seven day extension.  This counsel responded, "No objection, provided the motion and proposed order state that it is the last request for extension."  A copy of the email exchange is

attached hereto as Exhibit 1.

Pursuant to Fed.R.Civ.P. 6(b)(1)(B), a court may, for good cause shown, excuse a party's failure to act within the prescribed time "if the party failed to act because of excusable neglect." In determining whether neglect is excusable, the Court considers: "1) the danger of prejudice to the opposing party, 2) the length of delay caused by the neglect and its impact on judicial proceedings, 3) the reason for delay, and whether it was in the reasonable control of the moving party, and 4) the existence of good faith on the part of the moving party." *Hamilton v. Water Whole Intern. Corp.*, 302 Fed. App'x 789, 798 (10th Cir.2008) (citing *U.S. v. Torres*, 372 F.3d 1159, 1162 (10th Cir.2004)).

Concerning factors 1 and 2, the danger of prejudice to the opposing parties here is the same as the impact on the judicial proceedings. There has already been substantial delay in this case due to Plaintiffs' counsel's cumulative extensions and delays. This is not Plaintiffs' first missed deadline. Plaintiffs were previously monetarily sanctioned by this Court (Docs. 53, 57) for missed deadlines (prior to their amendment to add Gorman as a Defendant). Although the Court allowed Plaintiffs to proceed out of time, the Court noted that Plaintiffs failed to "explain how their delay constitutes excusable neglect." (Doc. 53, 5.) Defendants, defense counsel, and the Court have an expectation in timely resolution of the case.

Concerning factor 3—the reason for the delay and whether it was in the reasonable control of the moving party—again cuts against a finding of excusable neglect. The reasons offered are "personal and professional responsibilities," namely "obligations in other pending cases, personal obligations surrounding a daughter's graduation from the University of Kansas and to out of town guests . . .." (Doc. 82, 2-3.) Ignoring a deadline due to workloads is not

excusable neglect. *See Ghamrawi v. Case & Assocs. Props. Inc.,* 116 Fed. Appx. 206, 210 (10th Cir.2004) (finding no excusable neglect where after a series of extensions, counsel missed a deadline after choosing to work on something else). Moreover, counsel's daughter's graduation and a corresponding visit by family and/or friends is not an unforeseeable event; it is one easily planned for and entirely within the control of Plaintiffs' counsel.

Factor 4—the presence or absence of good faith—strongly dictates against a finding of excusable neglect. Plaintiff's counsel did not consult with other counsel on this current request as required by D. Kan. R. 6.1. And as noted above, this request to file out of time violates at least the spirit of an agreement between Plaintiffs' counsel and Gorman's counsel.

Excusable neglect is absent. Defendant Gorman requests that Plaintiff's request to file out of time be denied.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

s/ Stephen Phillips
Stephen Phillips, KS Sup. Ct. No. 14130
Assistant Attorney General
Memorial Bldg., 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel: (785) 296-2215; Fax: (785) 291-3767
Email: steve.phillips@ksag.org
*Attorneys for Jerome Gorman*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notices to the following:

Rebecca Hamilton                    bettysbrain@me.com
***Attorney for Plaintiffs***

Henry E. Couchman, Jr.              hcouchman@wycokck.org
Jennifer L. Myers                   jmyers@wycokck.org

***Attorneys for Defendants,***
*Unified Government of*
  *Kansas City, Kansas*
*Joseph Reyes*
*Nathan Doleshal*
*P. J. Locke*
*Phil Trusskey*
*Rick Armstrong*
*Steve Haulmark*
*Stewart Littlefield*
*Travis Toms*
*Sam Breshears*

Michael T. Miller                   mike@mccauleyroach.com
Sean P. McCauley                    sean@mccauleyroach.com

***Attorneys for Defendants***
*Michael Mills*
*Jeffery Bell*

                                    s/Stephen Phillips
                                    Stephen Phillips