IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEROME BIRDSONG, et. al, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 13-2090-JAR-TJJ |
| UNIFIED GOVERNMENT OF KANSAS CITY, KANSAS, et al., | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

In this removal action, Plaintiff asserts claims for malicious prosecution, unlawful seizure, and supervisor liability against Defendants Unified Government of Wyandotte County/Kansas City, Kansas, and thirteen officers and detectives with the Kansas City, Kansas Police Department, in their individual and official capacities. The matter is presently before the Court on the Motion for a More Definite Statement filed by Defendants Mills and Bell (ECF No. 61). In their motion, Defendants Mills and Bell request an order under Fed. R. Civ. P. 12(e) requiring Plaintiffs to amend Count 3 of their Second Amendment Complaint (for malicious prosecution) to specify which defendant fabricated evidence, suppressed exculpatory evidence, mislead prosecutors and judges, threatened and intimidated Plaintiffs, committed perjury, ignored evidence in their possession, and falsified police reports. They also request that Plaintiffs be required to allege facts as to how Defendants Mills and Bell otherwise "agreed, conspired, and acted in concert to falsely and maliciously prosecute" Plaintiff Birdsong. For the reasons set forth below, the motion is denied.

I.     **Plaintiffs' Factual Allegations**

According to the Second Amended Complaint (ECF No. 58) (the "Complaint"), this lawsuit arises out of the events surrounding unlawful arrests of Plaintiff Jerome Birdsong on May 3, 2010, May 7, 2010, and May 15, 2010, and continuing through the final disposition of these three cases on August 12, 2011. During this fifteen month period, Plaintiffs allege they were targeted by the Kansas City, Kansas Police Department and subjected to repeated violations of their constitutional rights.

Relevant to the motion here, Birdsong asserts a claim for malicious prosecution against Defendants Trusskey, Mills, Bell, and Littlefield. He alleges that these four defendants agreed, conspired, and acted in concert to falsely and maliciously prosecute him for the crime of aggravated battery on a law enforcement officer, and felony fleeing and alluding. He further alleges that the conspiracy to maliciously prosecute him is manifest by a variety of methods in each of the three criminal charges filed against him. One of those methods was to distribute deliberately false or recklessly false information about his association with a particular vehicle, essentially creating a green light for officers to stop and arrest him on sight wherever he or the vehicle he is associated with were found. According to Birdsong, in all three criminal cases filed against him, false information was intentionally or recklessly presented at all stages of the proceedings and exculpatory evidence was intentionally or recklessly withheld.

When confronted with false, misleading, or incomplete information, the officer's response was indifference. In their efforts to maliciously prosecute Birdsong, Defendants also made a concerted effort to intimidate Plaintiff Dominguez into incriminating Birdsong and to force her to cooperate. According to Birdsong, during the investigation in his Wyandotte County District criminal case10CR626, Officers Haulmark and Toms joined with Officers Littlefield and Mills to intimidate Dominguez and forced her to tell Littlefield what he wanted to hear.

Birdsong's 71-page Complaint contains over 50 pages of alleged facts. Mills is specifically mentioned in paragraphs 55, 56, 59, 67, and 68. Bell is specifically mentioned in paragraphs 55–59. Both Mills and Bell were involved in the events which led to the filing of criminal charges against Birdsong in Wyandotte District Court Case No. 10CR626. Specifically, Birdsong alleges that Mills and Bell arrested him on May 16, 2010 on a warrant for aggravated battery on a law enforcement officer, after Birdsong was earlier misidentified as a suspect by Trusskey.

## II. The Parties' Arguments

Mills and Bell contend that Birdsong's allegations in Count 3 of the Complaint regarding their actions are so contradictory and ambiguous that they cannot reasonably prepare a response. They argue that Birdsong's use of "defendants" collectively in Count 3 does not identify the causal connection between the alleged actions of Mills and Bell and the alleged ongoing malicious prosecution of Birdsong. Mills and Bell argue that by ambiguously grouping the pleading allegations against "defendants," Birdsong has failed to identify which actions by which defendant violated their rights. Mills and Bell argue that this lack of specificity in Count 3 therefore entitles them to a more definite statement under Fed. R. Civ. P. 12(e).

Plaintiffs assert the following in Count 3 of their Complaint:

Count 3
Malicious Prosecution—Plaintiff Jerome Birdsong
(against Defendants Trusskey, Mills, Bell and Littlefield)

279. Plaintiff Jerome Birdsong hereby incorporates by reference the foregoing statements and allegations [Paragraphs 1–278] and further state as follows:

280. Defendants Trusskey, Mills, Bell and Littlefield, were all employees of the Kansas City Kansas Police Department and acted under color of law.

281. Between May 15, 2010 to Feb 28, 2011 *these defendants* agreed, conspired, and acted in concert to falsely and maliciously prosecute Plaintiff Jerome Birdsong for the crime of aggravated battery on a law enforcement officer

and felony fleeing and alluding.

282. Among the acts pursuant to such conspiracy and agreement, *defendants* fabricated evidence, suppressed exculpatory evidence, mislead prosecutors and judges, threatened and intimidated Plaintiff Birdsong and Dominguez, commit perjury, all with the improper purpose of procuring said criminal prosecution.

283. As a result of the aforementioned acts, plaintiff was charged with aggravated battery on a law enforcement officer and felony fleeing and alluding in 10CR626. A preliminary hearing was held in this matter, and the finding of probable cause was based on the false and perjured testimony of *defendants* and by reason of their omissions and distortions.

284. These *Defendants* ignored evidence that they had in their possession before the arrest and information they received after the arrest that Jerome did not commit the crime he was charged with. Furthermore, they falsified police reports and lied on the witness stand before admitting that Jerome was not the perpetrator.

285. Thereafter, on or about February 28, 2011, this charge was dismissed, thereby terminating the prosecution in favor of the Plaintiff.

286. As a direct and proximate result of the these [sic] actions, Plaintiff was maliciously prosecuted in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

287. As a direct and proximate result of the malicious prosecution of Plaintiff Jerome Birdsong, Plaintiff suffered physical injury, great anguish, fear, and consternation.

288. The acts of *Defendants* as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.[1]

Mills and Bell argue that under Tenth Circuit case law, non-specific pleading against "defendants" is insufficient to state a claim.[2] Under the Plaintiffs' factual allegations pertaining to Count 3, Mills and Bell argue, Plaintiffs assert that it was Littlefield and/or Trusskey, not them, that fabricated evidence, suppressed exculpatory evidence, misled prosecutors and judges, threatened and intimidated Plaintiffs, committed perjury, ignored evidence in their possession,

---

[1] Second Am. Compl. (ECF No. 58) ¶¶ 279–88 (emphasis added).

[2] *Glaser v. City & Cnty. of Denver, Colo.*, No. 13-1165, 2014 WL 308552, at *10 (10th Cir. Jan. 29, 2014); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

falsified police reports, and lied on the witness stand. Therefore, because Plaintiffs' allegations do not allege who has done what to whom, Defendants assert they cannot reasonably prepare a responsive pleading. Defendants move for more definite statement for Plaintiffs to provide allegations as to specifically which officers violated Plaintiff Birdsong's rights in Count 3.

Plaintiffs respond that motions for more definite statement are disfavored in light of the liberal discovery provided under the federal rules. They argue that there is nothing vague or ambiguous about the allegations in the Complaint, and therefore Mills and Bell are fully capable of preparing a response. From Plaintiffs' perspective, the extent of involvement by Mills and Bell in the alleged conspiracy to maliciously prosecute Birdsong is a proper subject for discovery and the causal connection between the actions of each defendant to the alleged constitutional violations will likely be a question for the jury.

### III. Legal Standards Applicable to Motions for More Definite Statement

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If, however, the complaint is "so vague and ambiguous" that a defendant cannot reasonably prepare a response, the defendant may move for a more definite statement under Fed. R. Civ. P. 12(e). Any such motion "must be made before filing a responsive pleading and must point out the defects complained of and the details desired."[3] Motions under this rule are proper "only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question."[4]

"A motion for a more definite statement should not be granted merely because the

---

[3] Fed. R. Civ. P. 12(e).

[4] Fed. R. Civ. P. 12(e) advisory committee's note (1946 Am.).

pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."[5] Due to the minimal pleading requirements of the Federal Rules, a Rule 12(e) motion is generally disfavored by the court and should be properly granted only when a party is unable to determine the issues to which a response is required.[6] Rule 12(e) is designed to strike unintelligible pleadings rather than pleadings that lack detail.[7] Additional details with respect to the claims should be elicited through the discovery process.[8] The decision whether to grant or deny such a motion is within the sound discretion of the court.[9]

### IV. Whether Count 3 of Plaintiffs' Second Amended Complaint is so Vague and Ambiguous that Defendants Mills and Bell Cannot Reasonably Respond

The Court has reviewed Plaintiffs' Second Amended Complaint under the standards set forth above, keeping in mind the defects raised by Mills and Bell and the additional information they contend should be pled in Count 3. Based on its review, the Court does not find Count 3 of the Complaint to be so vague and ambiguous that Mills and Bell cannot reasonably prepare an answer or otherwise respond to it. The defects raised by these Defendants and the additional details that they contend should be pleaded in the Complaint are not required under the "short and plain" pleading standard of Rule 8(a)(2).

Throughout Count 3, Plaintiffs make several contentions that "defendants" infringed their rights. Plaintiffs do specify, however, in the heading of Count 3 that Count 3 pertains only to

---

[5] *Creamer v. Ellis Cnty. Sheriff Dep't*, 08-4126-JAR, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009).

[6] *Id.*

[7] *Id.*

[8] *Id*.

[9] *Id.*

Trusskey, Mills, Bell and Littlefield and not to the various other eleven defendants. The issue raised by Mills and Bell in their motion is whether this is enough specificity to survive a Rule 12(e) challenge, i.e., whether Count 3 is too vague and ambiguous such that Defendants Mills and Bell cannot reasonably respond to the Complaint in its current state. The Court finds that Count 3 is specific enough.

"[T]he burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants."[10] The extent of the pleading requirements depends on the type of case and the context of the claims.[11] The Tenth Circuit is particularly sensitive with respect to pleading requirements in § 1983 cases like the case at bar.[12] Section 1983 claims typically include complex claims against multiple defendants; therefore a complaint should "provide sufficient notice to individual government actors to allow them to prepare a defense."[13]

A complaint's use of the collective term "defendants" or a "list of the defendants named individually but with no distinction as to what acts are attributable to whom" is unacceptable because it is difficult for defendants "to ascertain what particular unconstitutional acts they are alleged to have committed."[14] In *Robbins v. Oklahoma*, the plaintiff's complaint alleged that

---

[10] *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

[11] *Id.* at 1249.

[12] *See Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) ("[I]t is particularly important" that plaintiffs "make clear exactly who is alleged to have done what to whom, . . . as distinguished from collective allegations.").

[13] *Glaser v. City & Cnty. of Denver, Colo.*, No. 13-1165, 2014 WL 308552, at *10 (10th Cir. Jan. 29, 2014).

[14] *Robbins*, 519 F.3d at 1250. *See also Glaser*, 2014 WL 308552, at *10 ("[Plaintiff] makes undifferentiated contentions that 'defendants' infringed his rights, without specifying what each of the eleven individual defendants named in this claim specifically did or said . . . . [Plaintiff's] allegations . . . fail to state a claim on which relief can be granted."); *Bark v. Chacon*, 504 F. App'x 741, 745 (10th Cir. 2012); *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) ("The Complaint refers to actions of "Defendants," but that is not sufficient to show how [defendant] 'might be individually liable for

"'Defendants' . . . 'instruct[ed] the Plaintiffs to place Renee Dawn Robbins in a specific Daycare'; 'Defendants' . . . 'assert[ed] control over such Daycare'; and 'Defendants' . . . failed to 'protect and supervise the child . . . .'"[15] Of approximately sixteen defendants, the complaint in *Robbins* made no mention of which of the defendants "might be individually liable for deprivations of [Plaintiff's] constitutional rights."[16] The Tenth Circuit then held that the plaintiffs in *Robbins* failed to state a claim upon which relief could be granted, in part due to the deficiencies in providing notice to defendants as to the actions alleged as grounds for their liability.[17]

The facts in this case are distinguishable from the facts presented in *Robbins*. While Birdsong refers to the collective "defendants" in Count 3, he is only referring to four specific Defendants out of the fourteen Defendants named in the case. Count 3 for malicious prosecution clearly states that it is against the four Defendants Trusskey, Mills, Bell and Littlefield. Plaintiff's use of the collective "defendants" in paragraphs 281–284 can reasonably be understood to mean that Birdsong is alleging that *all* four Defendants engaged in the alleged activities. For example, Birdsong alleges in paragraph 281 that "these defendants agreed, conspired, and acted in concert to falsely and maliciously prosecute Plaintiff Jerome Birdsong for the crime of aggravated battery on a law enforcement officer and felony fleeing and alluding." He also alleges that "defendants fabricated evidence, suppressed exculpatory evidence, mislead prosecutors and judges, threatened and intimated Plaintiff[s], [and]

---

deprivations of [Plaintiff's] constitutional rights.'" (citation omitted)).

[15] *Robbins*, 519 F.3d at 1250.

[16] *Id.*

[17] *Id.* at 1252.

commit[ted] perjury. . . ." A reasonable reading of these allegations, including the ones asserting Mills and Bell conspired and acted in concert with others, is that each and every one of the four Defendants engaged in the above referenced conduct. Plaintiff's collective reference to "defendants" in these allegations is not so vague or ambiguous that Mills and Bell cannot reasonably prepare a response to Count 3.

To the extent that Mills and Bell are requesting that Birdsong be required to allege how Mills and Bell otherwise "agreed, conspired, and acted in concert to falsely and maliciously prosecute" Birdsong, that level of pleading is not required by Rule 8(a)(2). Moreover, it is understandable that Birdsong, prior to discovery, may not have sufficient knowledge or information to provide the specific level of detail requested by Mills and Bell.

In summary, the Court does not find Count 3 of Plaintiffs' Complaint to be so vague and ambiguous that Mills and Bell cannot reasonably prepare a response. While certainly the Complaint could have contained additional details that would have made Mills and Bell's task of responding to Count 3 easier, Plaintiffs are not required under Fed. R. Civ. P. 8(a)(2) to plead that level of detail. The additional details that Mills and Bell seek can be elicited through the discovery process. At this stage of the litigation, Count 3 contains sufficient allegations to enable Mills and Bell to prepare a responsive pleading.

**IT IS THEREFORE ORDERED THAT** Defendants Mills and Bell's Motion for More Definite Statement (ECF No. 61) is DENIED. Defendants Mills and Bell shall file their answer or other responsive pleading to Plaintiffs' Second Amended Complaint within seven (7) days of this Order.

IT IS SO ORDERED.

Dated in Kansas City, Kansas, on this 29th day of May 2014.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge
