## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JEROME BIRDSONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-2090-JAR |
| v. | ) | |
| | ) | |
| UNIFIED GOVERNMENT OF | ) | |
| WYANDOTTE COUNTY/ | ) | |
| KANSAS CITY, KANSAS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of the Fourth and Fourteenth Amendments based on unlawful searches and seizures, excessive force, and denial of due process against Defendants.[1] This matter is pending before the Court on Plaintiff's Motion to Amend the Scheduling Order and for Leave to File Third Amended Complaint (ECF No. 129). Plaintiff requests an order allowing him to amend the Scheduling Order deadline for filing a motion to amend the pleadings and for leave to file a Third Amended Complaint to assert a supervisory claim against Defendant Haulmark in his individual and official capacity. As explained below, the Court finds Plaintiff has shown no adequate explanation for the delay in filing his motion, and allowing Plaintiff to amend at this very late juncture would be prejudicial to Defendants.  Plaintiff's motion is therefore denied.

---

[1] On April 16, 2016, the parties filed a Stipulation of Dismissal of Certain Claims and Defendants with Prejudice (ECF No. 130) which, among other things, dismissed Plaintiff Rocio Dominguez. Thus, the only Plaintiff remaining in the case after that date is Jerome Birdsong.

I.      **PROCEDURAL BACKGROUND**

This case was filed in Wyandotte County District Court on October 26, 2012 and removed here on February 20, 2013. An initial scheduling order was entered on September 3, 2014,[2] which set an October 8, 2014 deadline for filing motions for leave to amend or to join additional parties, and a February 23, 2015 discovery deadline. Four amended scheduling orders were subsequently entered, which ultimately extended the discovery deadline to February 29, 2016, and set the final pretrial conference on March 23, 2016. The deadline for filing motions for leave to amend was not extended.

At Plaintiff's request the Court continued the pretrial conference to March 25, 2016. On that date the Court on its own motion continued the conference to March 28, 2016 to allow Plaintiff additional time to provide input on the proposed pretrial order.[3]

During the pretrial conference on March 28, 2016, Plaintiff indicated he intended to amend the complaint to assert that Defendant Haulmark acted as supervisor of the Nighttime COPPS and was a policy maker for the Defendant Unified Government. Plaintiff, however, was not prepared to make and argue an oral motion to amend the complaint during the pretrial conference. The Court reminded Plaintiff that the deadline for amending the pleadings had passed long ago and warned Plaintiff against further delays. The Court informed Plaintiff that, if

---

[2] ECF No. 98. The initial scheduling conference and entry of the initial scheduling order were delayed until after motions to dismiss (ECF Nos. 13 and 20) and a motion to amend complaint (ECF No. 41) were briefed and ruled upon.

[3] When the Pretrial Conference commenced on March 25, 2016, Plaintiff's counsel indicated that she had been unable to provide information to be inserted into the proposed Pretrial Order due to personal health issues and scheduling problems.

he intended to seek leave to amend, he must file any motion for leave to do so no later than April 15, 2016.[4]

Plaintiff filed his Motion to Amend The Scheduling Order And For Leave To File Third Amended Complaint (the "Motion") on April 15, 2016. Plaintiff did not, however, attach a copy of the proposed amended complaint to the Motion.[5] The Pretrial Order was entered on April 22, 2016[6] and on the same date the Court instructed Plaintiff's counsel to submit the proposed amended complaint "forthwith."[7]

The Pretrial Order extended the dispositive motions deadline to April 29, 2016. That deadline was subsequently extended several times, ultimately to June 17, 2016. Defendants filed their motion for summary judgment on that date.[8]

On May 13, 2016, Plaintiff submitted his proposed amended complaint to the Court. Defendants timely filed their response in opposition to the Motion on June 17, 2016.[9] The deadline for Plaintiff to file a reply has passed and no reply has been filed. The Motion is ripe for decision.

---

[4] *See* Pretrial Order ¶ 4.a.(3), ECF No. 131.

[5] ECF No. 129.

[6] ECF No. 131.

[7] ECF No. 132.

[8] ECF No. 148.

[9] ECF No. 149. This filing occurred after four unopposed motions for extension of the response deadline were filed and granted.

## II.   STANDARD FOR MOTION FOR LEAVE TO AMEND COMPLAINT FILED AFTER THE SCHEDULING ORDER DEADLINE

Federal Rule of Civil Procedure 15 governs amendments to pleadings before trial generally.[10] Rule 15(a)(2) provides that once the deadline for amendment as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  If a party is seeking leave to amend the pleadings after the scheduling order deadline, that party must demonstrate both good cause for seeking modification under Rule 16(b)(4), as well as satisfaction of the Rule 15(a) standard.[11]

Under Federal Rule of Civil Procedure 16(b)(4), a schedule set out in the scheduling order, including a deadline for filing motions to amend the pleadings, "may be modified only for good cause."[12] The Tenth Circuit has instructed that the Rule 16(b)(4) good cause standard requires a movant to show that scheduling deadlines cannot be met despite the movant's diligent efforts.[13]  Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed.[14] However, if the plaintiff knew of the underlying conduct but simply failed to raise the claims, this does not

---

[10] Fed. R. Civ. P. 15(a).

[11] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014) ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so.").

[12] The Court notes that District of Kansas Local Rule 6.1(a) requires that motions for extensions of time filed after the specified time has expired require a showing of "excusable neglect." The Court here, however, will apply the Rule 16(b)(4) good cause standard required by the Tenth Circuit.

[13] *Gorsuch*, 771 F.3d at 1240; *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

[14] *Gorsuch,* 771 F.3d at 1240.

establish good cause.[15] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[16]

The Rule 16(b) good cause standard is much different than the more lenient standard contained in Rule 15(a).[17] Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party, but focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.[18]

## III.   PLAINTIFF HAS NOT SHOWN GOOD CAUSE AS REQUIRED BY RULE 16(b)(4)

Plaintiff filed his motion more than 18 months after the original October 8, 2014 Scheduling Order deadline for filing motions for leave to amend the pleadings. Therefore, Plaintiff must first show good cause why the scheduling deadline could not be met despite his diligent efforts.

Plaintiff asserts that he has demonstrated good cause for amending the scheduling order. Plaintiff argues he could not have filed the Motion to amend to add supervisor claims against Haulmark before the amendment deadline "because Plaintiff had yet to discover the structure, purpose, and methods of the specialized unit called Nighttime COPPS, and Haulmark's role as their supervisor."[19] Plaintiff claims the proposed amendment reflects information regarding Haulmark's role and activities that was not discovered until his deposition.[20]

---

[15] *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248–49 (10th Cir. 2015).

[16] *Pumpco, Inc.*, 204 F.R.D. at 668.

[17] *Id.*

[18] *Id.*

[19] Pl.'s Motion (ECF No. 129) at 2.

[20] *Id.* at 3–6.

Defendants oppose Plaintiff's Motion. Defendants argue the Motion is untimely, Plaintiff has not shown good cause, and it would be prejudicial to Defendants for the Court to allow the requested amendment. In any event, Defendants claim the proposed amendment would be futile.

## A.    LENGTHY DELAY

Plaintiff claims at the time of the amendment deadline he knew only that Haulmark was one of the officers present when he was arrested, that Haulmark was designated as a sergeant, and that Haulmark field tested some marijuana on one occasion.[21] However, the record in this case indicates otherwise.

Plaintiff's First Amended Complaint, which was removed to this Court on February 20, 2013, identified Haulmark as a captain.[22] Plaintiff's Second Amended Complaint, which was filed February 7, 2014, alleged that the "intent to get [Plaintiff] by whatever means necessary began in April 2010, and did not end until August 2011."[23] The Second Amended Complaint again identified Haulmark as a captain and added five paragraphs of alleged misconduct by Haulmark beginning as early as 2002, noted that Haulmark nonetheless "continued to be promoted," and that he was promoted to captain on November 4, 2010.[24] Plaintiff necessarily knew all of this information concerning Haulmark by the time Plaintiff filed his Second Amended Complaint on February 7, 2014 – six months before the deadline for amending pleadings expired on October 8. 2014. Plaintiff could have taken Haulmark's deposition or conducted other discovery before the amendment deadline to verify his role, responsibilities, and

---

[21] *Id.* at 2 .

[22] ECF No. 1-1.

[23] ECF No. 58 at 4.

[24] *Id*. at 38-39.

possible supervisory authority. Nonetheless, Plaintiff failed to do so and failed to request an extension of the amendment deadline. Without any explanation for the delay, Plaintiff instead waited to depose Haulmark until February 19, 2016.

**B.     PREVIOUS ADMONITIONS BY THE COURT REGARDING MISSED DEADLINES**

Plaintiff's Second Amended Complaint was filed after two early motions to dismiss were filed by Defendants and before a scheduling order had been entered in the case. But Plaintiff had delayed filing his response to the motions to dismiss for five months and then waited three weeks to file his motion for leave to amend.[25] District Court Judge Julie Robinson granted the requested amendment only in part, noting:

> There has been no deadline established in the case for filing a motion for leave to amend.  While this is largely due to the fact that the motions to dismiss have been pending for so long, postponing a scheduling conference that would establish such a deadline, it is nonetheless important because Plaintiffs were still technically within the window of time to amend. However, the Court is loathe to condone the dilatory practices employed by Plaintiffs so far in this case.  Plaintiffs should not be rewarded for flouting the orders of this Court.[26]

The above quote should have alerted Plaintiff to the importance and significance of the deadline to amend his pleadings – "the window of time to amend." Judge Robinson awarded sanctions against Plaintiff for prejudice caused by his delay in filing the motion to amend,[27] but allowed Plaintiff to file the Second Amended Complaint because no deadline to amend had yet been set. The Court subsequently set the deadline for amending pleadings as October 8, 2014, which was approximately 20 months after the case was removed to this Court.

_____

[25] ECF No. 53 at 5.

[26] ECF No. 53 at 6.

[27] *See* Jan. 10, 2014 Mem. & Order (ECF No. 53) at 6.

On July 9, 2014, Judge Robinson denied Plaintiff's motion (filed four days after the deadline) for leave to file a response to Defendant Gorman's motion to dismiss.[28] The Court noted Plaintiff's "established pattern of missing filing deadlines set by the Court" and that his continued extensions and missed deadlines had "significantly increased the costs to the parties and undermined judicial efficiency."[29]

## C.   LACK OF DILIGENCE

The Court understands that Plaintiff contends he had yet to discover the structure, purpose, and methods of the specialized Nighttime COPPS unit and Haulmark's role as their supervisor by the time of the pleading amendment deadline. The Court also understands that Plaintiff contends information regarding Haulmark's role and activities was not discovered until his deposition on February 19, 2016. However, Plaintiff offers no explanation for why he failed to request an extension of the amendment deadline before it expired on October 8, 2014, or for why he waited until February 19, 2016 (three years after the case was removed to this Court and 18 months after the amendment deadline) to depose Haulmark or conduct other discovery to determine his role and activities.

As noted previously, Plaintiff *did* know at least six months before the amendment deadline significant information concerning Haulmark that might indicate he had supervisory authority. Yet, notwithstanding the District Judge's prior admonitions to Plaintiff regarding his pattern of missing the court's deadlines and an award of sanctions, Plaintiff allowed the October 8, 2014 motion to amend deadline to pass without filing a motion for leave to amend, and continued to ignore or overlook the amendment deadline until April 15, 2016.

_____

[28] ECF No. 93.

[29] Mem. & Order (ECF No. 93) at 3, 6.

Moreover, even after Plaintiff claims to have learned the facts to support his supervisory claims relative to Haulmark during his February 19, 2016 deposition, Plaintiff waited more than 2 ½ months to submit the proposed amended complaint that is the subject of the Motion. This was after the previous admonitions by the District Judge to Plaintiff and after this Court's warning during the pretrial conference regarding further delays. Plaintiff's Motion offers no explanation for this delay between the Haulmark deposition, the filing of Plaintiff's Motion and the submission of the proposed amended complaint.

Rule 16(b)(4) requires Plaintiff to show he could not meet the scheduling order amendment deadline despite his "diligent efforts" to do so.[30] "Carelessness is not compatible with a finding of diligence."[31] The Court finds that Plaintiff clearly failed to exercise diligent efforts to meet the amendment deadline in this case. Plaintiff has not shown good cause for seeking an 18-month modification of the scheduling order deadline for filing motions to amend the pleadings under Rule 16(b)(4).

## IV.    AMENDMENT UNDER RULE 15(a) IS NOT ALLOWED BECAUSE OF PLAINTIFF'S UNDUE DELAY AND UNDUE PREJUDICE TO DEFENDANTS

Even though the Court has already found that Plaintiff has failed to show the requisite good cause for modification of the scheduling order deadline, the Court will also consider whether Plaintiff should be granted leave to amend his complaint under the more lenient Fed. R. Civ. P. 15(a) standard because Rule 15(a) brings into play additional and different

---

[30] *See Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1366 (10th Cir. 1993) (quoting *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.") (District Court did not abuse its discretion in denying leave to amend when motion was untimely filed 4 months after court's deadline for amending and plaintiff knew or should have known long before that date of the possible additional defendant.))

[31] *Pumpco, Inc.*, 204 F.R.D. at 668.

considerations. Under Rule 15(a), leave to amend a complaint is freely given "when justice so requires."[32] A party is typically granted leave to amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[33] A proposed amendment is futile if the amended complaint would be subject to dismissal.[34]

Undue delay alone is sufficient to deny a motion to amend; there need not be a showing of prejudice.[35] In the Tenth Circuit, undue delay may be found "when the party filing the motion has no adequate explanation for the delay."[36] "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[37] The Court may also deny leave to amend if the moving party "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the . . . complaint."[38] While liberality of amendment is important, it is equally important that "there must be an end finally to a particular litigation."[39]

The Court will not reiterate here the discussion *supra* regarding Plaintiff's delay in filing his Motion. Based upon the procedural background and facts set out, the Court finds undue delay in the

---

[32] Fed. R. Civ. P. 15(a)(2).

[33] *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[34] *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[35] *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1229–30 (D. Kan. 2002).

[36] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

[37] *Id.* at 1205 (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

[38] *Cuenca*, 205 F. Supp. 2d at 1230.

[39] *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

filing of Plaintiff's Motion for leave to amend. The protracted delay in filing the Motion – more than three years after the case was removed here and more than 18 months after the amendment deadline – is sufficient reason to deny permission to amend. Plaintiff has provided no adequate explanation for the delay.

Plaintiff's argument that he did not discover the facts that are the basis of the amended claims until the Haulmark deposition on February 19, 2016 rings hollow, given the facts that Plaintiff *did* know at the time he filed the Second Amended Complaint on February 7, 2014, which was six months before the amendment deadline, and especially given the admonitions by the Court to Plaintiff prior to the amendment deadline about missing other court deadlines. Plaintiff could have taken the Haulmark deposition or conducted other discovery prior to the amendment deadline to verify his role, responsibilities, and supervisory authority.  Plaintiff offers no explanation for his failure to do so.

Additionally, even after Plaintiff claims to have learned the facts at issue at the Haulmark deposition, Plaintiff waited nearly three months before he submitted the proposed amended complaint that is the basis for the Motion. Once again, Plaintiff offers no explanation for this additional delay in filing his Motion. The Court finds clear and unexplained undue delay in the filing of Plaintiff's Motion.

Under the Rule 15(a) analysis, the Court also considers whether granting Plaintiff's Motion would cause the Defendants undue prejudice. Plaintiff failed to submit the proposed amended complaint that is the basis for the Motion until approximately 2 ½ months after the discovery deadline, approximately six weeks after the pretrial conference, and two weeks after the deadline set in the pretrial order for filing dispositive motions. The dispositive motions deadline was subsequently extended to June 17, 2016 and on that date Defendants filed their motion for summary judgment. The Court finds that it would cause undue prejudice to the

Defendants if the Court allowed Plaintiff to file the proposed amended complaint at this late juncture.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Amend the Scheduling Order and for Leave to File Third Amended Complaint (ECF No. 129) is DENIED.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, this 15th day of July, 2016.


_s/ Teresa J. James_
Teresa J. James
United States Magistrate Judge