# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JEROME BIRDSONG,**

    **Plaintiff,**

    v.

**UNIFIED GOVERNMENT OF KANSAS CITY, KANSAS, et al.,**

    **Defendants.**

Case No. 13-2090-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Jerome Birdsong brings this action under 42 U.S.C. § 1983, alleging violations of the Fourth and Fourteenth Amendments based on unlawful searches and seizures, excessive force, and denial of due process. Before the Court is Plaintiff's Objections to Order Denying Motion to Amend the Scheduling Order and for Leave to File Third Amended Complaint (Doc. 161), issued by Magistrate Judge Teresa J. James on July 15, 2016 (Doc. 154). Defendants have responded. After considering the parties' briefs, the Court overrules and denies Plaintiff's objection as described more fully below.

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order. With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[1] With regard to factual matters, the Court must affirm unless "the entire evidence leaves it 'with the definite and firm conviction that a mistake has

---

[1] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)).

been committed.'"[2]  As to legal matters, "the Court conducts an independent review and determines whether the magistrate judge ruling is contrary to law."[3]  "Under this standard, the Court conducts a plenary review and may set aside the magistrate judge decision if it applied an incorrect legal standard or failed to consider an element of the applicable standard."[4]

     Plaintiff's objection must be denied under these standards.  Plaintiff does not quarrel with the legal standard used to decide the motion.  Instead, Plaintiff challenges Judge James' application of those standards to the facts.  Judge James denied Plaintiff's motion to amend because (1) Plaintiff had not provided an adequate explanation for the delay in seeking amendment, made more than eighteen months after the amendment deadline; and (2) it would cause undue prejudice to Defendants to allow the amendment at this time, after they had filed their motion for summary judgment.

     As to her first finding, Judge James comprehensively set forth the procedural history in this case, including Plaintiff's pattern of dilatory filings without adequate explanation.[5]  Plaintiff claims that his counsel discovered new facts during the deposition of proposed Defendant Haulmark during his deposition in February 2016.  But as Judge James explained, Plaintiff was aware of facts that should have given rise to further investigation into his role in this case long before February 2016.  Plaintiff could have deposed him earlier or conducted other discovery.  And even if Plaintiff was not on notice of these facts before February, Judge James found that

---

[2]*In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1148 (D. Kan. 2010) (quoting *Ocelot Oil*, 847 F.2d at 1464).

[3]*Id.*

[4]*Id.*

[5]The Court notes that this pattern has persisted.  As recently as July 11, 2016, the Court entered an Order warning Plaintiff that it will deny any further requests for extension of time filed after the deadline at issue has passed.  *See*  Doc. 153.

Plaintiff was dilatory in waiting to seek amendment for three more months.  None of these findings were clearly erroneous.

Plaintiff raises new information in his objection that he admits was not before Judge James when she rendered her decision.  Plaintiff clarifies when and how he began to learn of Haulmark's supervisory role in the events alleged in the Complaint.  This Court's review is limited to a determination of whether Judge James' decision was clearly erroneous or contrary to law.  It was not clearly erroneous or contrary to law for her not to analyze the timing of Plaintiff's knowledge of potential claims against Haulmark based on information and documents that were not presented to her in the first place.  Furthermore, issues raised for the first time in an objection to a magistrate judge's order are deemed waived.[6]

As to Judge James' finding of prejudice, Plaintiff objects that "the nature of the prejudice has never been articulated."[7]  To the contrary, the prejudice to Defendants if the amendment is allowed is substantial.  Despite the extreme delay in moving this case forward, as documented by Judge James, Defendants have already filed their motion for summary judgment and trial is set for December 2016.  Granting amendment to add an entirely new party and claim at this late juncture, after discovery has closed, is highly prejudicial.

In sum, Judge James' Order denying Plaintiff's motion for leave to amend was not clearly erroneous or contrary to law.

---

[6] *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996); *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1184–85 (10th Cir. 2011); *see also Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 n.3 (D. Kan. 1997).  Even if Plaintiff hadn't waived his right to have the Court consider this new evidence by failing to raise it below, the Court agrees with Defendant that Plaintiff was on notice as early as May 2015 of this "new" document she points to in her objection.  *See* Doc. 162, Ex. 1.

[7] Doc. 161 at 4.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objection to Order Denying Motion to Amend the Scheduling Order and for Leave to File Third Amended Complaint (Doc. 161) is **overruled and denied**.

**IT IS SO ORDERED.**

Dated: September 16, 2016

S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE
